Filed 11/9/23  P. v. Wynn CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>            v.<br><br>JAMES KEITH WYNN, JR.,<br><br>      Defendant and Appellant. | F085194<br><br>(Super. Ct. No. F12901944)<br><br><br>**OPINION** |

**THE COURT**<sup>*</sup>

APPEAL from an order of the Superior Court of Fresno County. Adolfo M. Corona, Judge.

Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Erin Doering and Jeffrey A. White, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

<sup>*</sup>      Before Levy, Acting P. J., Peña, J. and Meehan, J.

Defendant James Keith Wynn, Jr., pled no contest to voluntary manslaughter in 2013. In 2022, he petitioned the trial court, pursuant to former section 1170.95 (now § 1172.6) of the Penal Code,[1] for resentencing. After appointing counsel and considering briefing, the court denied the petition without prejudice.

On appeal, defendant argues the trial court prejudicially erred in: denying the petition without providing a statement fully setting forth its reasons for declining to issue an order to show cause. Defendant contends that he made a prima facie showing of eligibility for relief. The People disagree, arguing the court provided a sufficient statement of reasons and, in any event, defendant was ineligible for relief as a matter of law because he was the actual killer.[2] We affirm.

**<u>PROCEDURAL HISTORY</u>**

On May 30, 2013, the Fresno County District Attorney charged defendant in an amended information alleging defendant committed the murder of Andrais Hackett (§ 187, subd. (a); count 1) and the voluntary manslaughter of Hackett (§ 192, subd. (a); count 2). As to count 1, the amended information alleged that defendant had personally and intentionally discharged a firearm causing death (§ 12022.53, subd. (d)). As to count 2, the amended information alleged that defendant had personally used a firearm (§ 12022.5, subd. (a)).

---

[1]     Undesignated statutory references are to the Penal Code unless otherwise noted. Former section 1170.95 recently was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We refer to the current section 1172.6 in this opinion.

[2]     The People ask that we take judicial notice of the preliminary hearing transcript. Defendant opposes that request. Because taking judicial notice of the preliminary hearing transcript would not change the outcome of this case, we decline to take judicial notice. (Evid. Code, §§ 452, subd. (d), 459, subds. (a)–(c).)

On the same date, defendant pled no contest to count 2 and admitted that he personally used a firearm in the commission of the offense (§ 12022.5, subd. (a)).[3] In exchange for the no contest plea, the plea agreement provided that the remaining count and firearm allegation would be dismissed, and defendant would be sentenced to 21 years in prison. After defendant's change of plea, the trial court dismissed count 1 and the related firearm allegation on the People's motion.

On June 26, 2013, the trial court imposed the agreed-upon sentence as follows: on count 2, 11 years (the upper term), plus a 10-year firearm enhancement.

On April 28, 2022, defendant filed a petition for resentencing pursuant to section 1172.6. The trial court appointed counsel for defendant; the People filed an opposition to defendant's petition; and defendant's counsel filed a reply to the People's opposition.

On October 7, 2022, the trial court denied defendant's petition "without prejudice."

On October 26, 2022, defendant filed a notice of appeal.

## FACTUAL HISTORY[4]

"On March 16, 2012, at approximately 2:51 p.m., officers received a call for shots fired in the area of East Tower Avenue and South Tupman Avenue. The call was updated that there was a victim, who was not breathing, being transported to the hospital in a black Chevrolet Tahoe.

---

[3] The change of plea form reflects that defendant would admit that he personally and intentionally discharged a firearm causing death (§ 12022.53, subd. (d)). However, the transcript of the change of plea hearing and minutes from that hearing reflect that defendant admitted only to having personally used a firearm, as was alleged in the amended information with respect to count 2.

[4] The Factual History is drawn from the defendant's reply in support of his section 1172.6 petition. In that reply, defendant notes that the statement of facts was "taken verbatim from the Probation Report dated June 20, 2013." The factual history is included only to provide context for this case. No part of this decision relies on the facts presented in this section.

3

"A responding officer observed a black Chevrolet Tahoe stopped in the number two lane of Ventura Avenue, east of Broadway Street. The driver's side door was open, and he noted that the license plate matched that of the vehicle in the service call. The officer retrieved a medical first aid kit and approached the vehicle. As he approached, he observed several black females nearby. B[.]T. was crying and was being consoled by others. The officer looked through the closed passenger window and observed a black male, later identified as victim Andrias Hackett (age 25), seated in the passenger seat. The victim had blood on his upper body and there was blood inside of the vehicle. The officer opened the rear passenger side door to reach the victim's neck to check for signs of life; however, he was unable to locate a pulse. The officers called for emergency personal [*sic*] (EMS) to respond to the scene. EMS subsequently pronounced the victim deceased on scene at 3:13 p.m. As the coroner removed the decedent, a Ruger 9mm magazine with seven live rounds, was located inside of the victim's right rear pocket. No firearms were located on the victim or inside of the vehicle.

"Officers contacted [B.]T. who advised she was transporting the victim (her boyfriend) to the hospital. They drove to the area of Tupman and Tower Avenues to purchase marijuana, when they came across the victim's cousin, 'Little Boo,' later identified as the defendant. They exited the vehicle, and the victim spoke with other males who were standing in the area. As B[.]T. re-entered the driver's side of the vehicle, she observed the defendant and the victim engaged in an argument. At some point, the victim turned around and walked back towards the vehicle. At this time, B[.]T. lowered her head to 'roll a blunt' (marijuana). Then, she heard a gunshot, looked out of the window, and saw the defendant holding a handgun, shooting in the direction of the vehicle. She was unable to see the victim, as the defendant continued to fire the handgun. B[.]T. exited the vehicle, and initially started to run towards the defendant; however, changed her direction towards the back of the vehicle, to look for the victim. She observed the defendant run from the scene.

"The victim entered the passenger side of the vehicle and B[.]T. entered the driver's side. As he spoke to her, she noticed blood coming from his mouth. The victim told her to go to the hospital and she held his arm and told him to 'stay with her.' She drove off in an attempt to get the victim to the hospital. As she reached the intersection of Broadway Street and Ventura Avenue, the vehicle stalled. She exited the vehicle and waved down passing motorists to get help. An unknown female called 911."

4

## I. Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017−2018 Reg. Sess.) (Senate Bill 1437) "to amend the felony murder rule and the natural and probable consequences doctrine … to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see § 189, subd. (e); accord, *People v. Strong* (2022) 13 Cal.5th 698, 707–708.)

Senate Bill 1437 accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).) First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842–843.) Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2."[5] (§ 189, subd. (e); accord, *Gentile*, *supra*, 10 Cal.5th at p. 842.)

---

[5] Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer. (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672.)

Senate Bill 1437 also added section 1172.6 (former § 1170.95) to provide a procedure for those convicted of a qualifying offense "to seek relief under the two ameliorative provisions above." (*Gentile*, *supra*, 10 Cal.5th at p. 843.) This procedure is available to persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter …." (§ 1172.6, subd. (a).)

"Section [1172.6] lays out a process" for a person convicted of one of the aforementioned offenses "to seek vacatur of his or her conviction and resentencing." (*Gentile*, *supra*, 10 Cal.5th at p. 853.) First, an offender must file a petition in the sentencing court averring that:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]

> "(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and]

> "(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(1)–(3); see also § 1172.6, subd. (b)(1)(A); accord, *People v. Lewis* (2021) 11 Cal.5th 952, 959–960 (*Lewis*).)

Additionally, the petition shall state "[w]hether the petitioner requests the appointment of counsel." (§ 1172.6, subd. (b)(1)(C).)

If a petition fails to contain the required information and the information cannot be "readily ascertained" by the court, the petition may be denied without prejudice to the

filing of another petition. (§ 1172.6, subd. (b)(2).) Otherwise, the court must conclude that the defendant has filed a facially sufficient petition and counsel must be appointed, if requested. (§ 1172.6, subd. (b)(3); *Lewis*, *supra*, 11 Cal.5th at p. 966 ["a complying petition is filed; the court appoints counsel, if requested; the issue is briefed; and then the court makes [a] prima facie determination" in consideration of the record of conviction].)

Only *after* counsel is appointed to represent and file briefing on behalf of a defendant who filed a facially sufficient petition does the trial court determine whether the defendant has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subds. (a)–(c); accord, *Lewis*, *supra*, 11 Cal.5th at pp. 961–963, 966–967; see *People v. Strong*, *supra*, 13 Cal.5th at p. 708.) "Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.' " (*Lewis*, at p. 971.) In making the prima facie determination, the court may rely on " 'the record [of conviction], including [its] own documents, "contain[ing] facts refuting the allegations made in the petition …." ' " (*Lewis*, *supra*, 11 Cal.5th at pp. 970–971, 972.) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972.) If, in light of the record of conviction, defendant's petition fails as a matter of law, the court may summarily deny it. (*Id*. at p. 974.)

If the sentencing court determines the defendant has made a prima facie showing, the court must issue an order to show cause[6] and hold a hearing to determine whether to vacate the murder conviction. (§ 1172.6, subds. (c), (d)(1).) At this evidentiary hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that

---

[6] "If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).)

the petitioner is guilty of murder … under California law as amended by the changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).)

Prejudice is not presumed when a defendant's facially sufficient petition is denied prior to an evidentiary hearing. Instead, a defendant " 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that[, absent error,] … his [or her] … petition would not have been summarily denied without an evidentiary hearing." ' " (*Lewis*, *supra*, 11 Cal.5th at p. 974; *People v. Flores* (2022) 76 Cal.App.5th 974, 986; *People v. Watson* (1956) 46 Cal.2d 818.) That is to say, the defendant must show that he was not ineligible for relief as a matter of law. (*Lewis*, at p. 974.)

## II.   Discussion

Defendant contends the trial court prejudicially erred by failing to comply with its mandatory statutory obligation to provide a statement fully setting forth its reasons for declining to issue an order to show cause. The People respond the court's statement was sufficient and, in any event, any error was harmless because defendant was ineligible for relief as a matter of law. We agree with the People that the trial court's statement was sufficient.

### A.  Additional Background

Defendant filed a form petition alleging that (1) an information was filed against him "that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine[,] or other theory under which malice is imputed to a person based solely on that person's participation in a crime …"; (2) he "accepted a plea … in lieu of a trial at which [he] could have been convicted of murder …"; and (3) he "could not presently be convicted of murder … because of the changes made to … [sections] 188 and 189 …."

The People opposed defendant's motion in their written opposition on one basis: application of the doctrine of absurd consequences precludes application of section 1172.6 to manslaughter convictions because "a literal application of [the statute] would require the People to prove a defendant guilty of murder or attempted murder in order to maintain a manslaughter conviction [and] … such a result … is antithetical to our system of justice." The People therefore sought a determination that the doctrine of absurd consequences required "all references to manslaughter" in section 1172.6 be stricken. The People provided no factual summary in their written motion; they simply noted that defendant pled guilty[7] to manslaughter and admitted a personal use of a firearm allegation. At oral argument, the People supplemented their argument with two contentions. First, the People argued that a section 1172.6 " 'petition is not a means by which a defendant can relitigate issues already decided,' " citing *People v. Coley* (2022) 77 Cal.App.5th 539, 549, and therefore "the issue whether this was a murder or manslaughter has already been decided …" and defendant's petition must therefore fail. And second, the People argued that "there [was] no dispute … that the defendant was the actual killer" and questions of the felony-murder and natural and probable consequences doctrines were not "even raised [in] this case." Neither defendant nor his counsel disputed that assertion.

In defendant's reply,[8] his counsel set out a factual statement from the probation officer's report detailing B.T.'s statement that she heard a gunshot and looked up to see defendant shooting a firearm in the direction of Hackett. Hackett was shot and died before reaching the hospital. Defendant argued that "[a]lthough [he] admitted in his plea

---

[7] Defendant pled no contest.

[8] We repeat defendant's factual statement to provide context for the trial court's ruling. The facts presented in that summary are not dispositive to the outcome of this case.

9

that he killed Hackett …, [he] nevertheless … qualifie[d] for resentencing …" because a "plea to murder [with implied malice does not bar] a prima facie showing of eligibility for relief …" since "the stipulation to a factual basis for the plea does not 'constitute[] a binding admission for all purposes.' (*People v. Rivera* (2021) 62 Cal.App.5th 217, 235.)"

After encouraging the parties to "meet and confer" regarding the issues they were in agreement upon, and accepting the prosecutor's indication that such a meeting would not be fruitful, the trial court provided the following statement from the bench:

> "The nature of the facts—and I understand the nature of the change in the law and the fact that a prima facie showing is a low standard. I still don't know why I wouldn't deny this petition at this point, with the facts as related by both counsel. I would deny this petition without prejudice."

## B. The trial court adequately set forth its statement of reasons for denying the petition.

Defendant contends that the trial court failed to adequately set forth its reasons for denying his petition. Section 1172.6, subdivision (c), requires a court to issue an order to show cause why a petition should not be granted upon a petitioner's prima facie showing. "If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).)

The trial court denied defendant's petition based on "the facts as related by both counsel." To assess the trial court's statement in context, we consider whether, in light of the record before the court, defendant established a prima facie case.

As a threshold matter, we begin our analysis by assuming defendant's factual allegations are true. (*Lewis*, *supra*, 11 Cal.5th at p. 971.) However, in this case, defendant made no factual allegations to support his claim. Rather, his petition made only conclusory assertions that he is entitled to resentencing under section 1172.6. He did not point to specific facts in support of his claim or articulate how such facts support the conclusion he was prosecuted under felony murder or the natural and probable

10

consequences doctrine. Following *Lewis*'s analogy to habeas corpus proceedings, if judging based only upon defendant's petition, defendant failed to "state fully and with particularity the facts on which relief is sought." (*People v. Duvall* (1995) 9 Cal.4th 464, 474.)

Defendant's petition itself contained no *factual* allegations and therefore was insufficient to state a prima facie case. Neither defendant nor the People submitted any evidence that would support defendant's petition, even if it were appropriately considered part of the record of conviction. Standing alone, a defendant's submission of a form petition with no factual allegations is insufficient to make a prima facie case for relief.

With that conclusion in mind, we review the trial court's statement in denying defendant's petition.

Based on the trial court's explanation that it was denying the petition based on "the facts as related by both counsel," and because it appears from the record that it was undisputed below that defendant was the actual killer, we understand the denial to be based on a finding that defendant did not state a prima facie case because he was the actual killer. The court's statement was sufficiently clear for us to understand its reasons for the denial. We find no error.

### C. Any presumed error was harmless.

Even if the trial court committed statutory error, no reversal is warranted unless defendant was prejudiced by the error. In other words, we affirm unless defendant shows that it is reasonably probable that, absent error, his petition would not have been denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at p. 974; *People v. Flores*, *supra*, 76 Cal.App.5th at p. 986.) Even if the trial court did commit statutory error—we conclude it did not—defendant failed to state a prima facie case for relief.

In considering whether defendant established a prima facie case, the trial court had before it defendant's petition—which contained no factual allegations—the parties'

11

briefing, and oral argument. Despite defendant's petition denying that he was the actual shooter, in defendant's reply brief, his counsel repeated the factual summary from the probation officer's report including B.T.'s statement she saw defendant shoot Hackett. The reply brief nevertheless contended that defendant was not ineligible for relief. In short, the only factual assertions—as opposed to merely legal conclusions—in the briefings before the court were that defendant was the actual killer. Indeed, the People then commented at oral argument that it was undisputed that "defendant was the actual killer."

On that record, defendant did not state a prima facie case for relief. (§ 189, subd. (e); see *People v. Garrison* (2021) 73 Cal.App.5th 735, 743.) There is no reasonable probability that absent assumed error defendant would have been entitled to an evidentiary hearing on his petition.

Defendant's reliance on *Rivera* for the proposition that he was not categorically ineligible for relief is misplaced. In *Rivera*, the defendant was not alleged to have been the actual killer; a codefendant was alleged to have shot and killed the victim. (*People v. Rivera*, *supra*, 62 Cal.App.5th at p. 226.) The *Rivera* court concluded that the defendant's plea to implied malice murder did not render him categorically ineligible for relief because he "identif[ied] a scenario under which he … was guilty of murder only under a now-invalid theory … ." (*Id.* at p. 224; see *id.* at p. 239 [with the assistance of counsel, defendant "offered a theory under which the evidence presented to the grand jury was consistent with his guilt of murder under the natural and probable consequences doctrine, based upon an intent to participate in a target offense of assault"].) Defendant offered no such theory here. For that reason, even if the court committed statutory error, defendant suffered no prejudice.

## DISPOSITION

The order is affirmed.

12